**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 22-4234**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA I. LANKFORD, a/k/a 20-20, a/k/a 20, a/k/a Light Bright, a/k/a Yellow,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Senior District Judge.  (1:19-cr-00371-CCB-2)

─────────

Submitted:  May 31, 2023                           Decided:  July 7, 2023

─────────

Before GREGORY, Chief Judge, and KING and QUATTLEBAUM, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

**ON BRIEF**:  Justin Eisele, SEDDIQ LAW FIRM, Rockville, Maryland, for Appellant. Erek L. Barron, United States Attorney, Mary W. Setzer, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua I. Lankford pleaded guilty, pursuant to a written plea agreement, to kidnapping, in violation of 18 U.S.C. § 1201(a).  The district court sentenced Lankford to the jointly-recommended sentence stated in the plea agreement of 204 months' imprisonment, followed by five years of supervised release, and ordered Lankford to pay restitution to the victim and a special assessment.  *See* Fed. R. Crim. P. 11(c) (1)(C).  On appeal, Lankford's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court erred when it paraphrased a special condition of supervised release when incorporating it from the presentence report.  In response, the Government argues that the district court complied with the requirement to orally announce or incorporate discretionary conditions of supervised release this court set forth in *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020).  Lankford filed a pro se brief raising additional issues.[*]  Finding no error, we affirm.

Because Lankford did not seek to withdraw his guilty plea, we review the adequacy of the Fed. R. Crim. P. 11 hearing for plain error.  *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (discussing plain error standard).  Our review of the record leads us to conclude that Lankford entered his guilty plea knowingly and voluntarily, that a factual basis supported

---

[*] We have received the claims raised in Lankford's pro se brief and conclude that they lack merit.

2

the plea, and that his guilty plea is valid. *See United States v. DeFusco*, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). We further conclude that the district court properly announced, through incorporation, the special conditions of supervised release. *See Rogers*, 961 F.3d at 299-300.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Lankford, in writing, of the right to petition the Supreme Court of the United States for further review. If Lankford requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lankford. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*